FILED
SUPERIOR COURT
OF GUAM

2026 JUN 18 AM 8: 27

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JP CAPITAL GUAM, LLC and CHING-JU WU, | **CIVIL CASE NO. CV0727-25** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS** |
| CHIEH-YU PAI, SCOTT A. CLARK, LAKESHORE GUAM LLC, HHW GUAM, LLC, and WAN-TANG LIU, | |
| Defendants. | |

Plaintiffs JP Capital Guam, LLC and Ching-Ju Wu move the Court to impose sanctions upon Defendants Chieh-Yu Pai, Scott A. Clark, and Lakeshore Guam, LLC for allegedly evading service of process. The Court does not find adequate evidence in this case to suggest sanctions are proper and therefore DENIES the Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 23, 2025, Plaintiffs filed a Complaint against Defendants Pai, Clark, and Lakeshore, alleging fraudulent transfer, conspiracy to commit fraudulent transfer, and seeking a permanent injunction. Compl. (Oct. 23, 2025).

On November 20, 2025, Plaintiffs' process server, Christopher Allen, filed a declaration of non-service as to Clark. Decl. Non-Serv. [Clark] (Nov. 20, 2025). He attested that he attempted to serve Clark between November 12 and 17, 2025, by visiting Ladera Towers, the address on file with the Guam Division of Motor Vehicles and Guam Department of Revenue and Taxation for Clark, and that he made numerous phone calls to Clark that went unanswered.



ORIGINAL

*Id.* The declaration did not specify dates, times, or details about the visits and calls and did not attach any supporting exhibits. *Id.* That same day, Allen filed an identical declaration as to Lakeshore, again describing attempted service through Clark, as Lakeshore's registered agent, within the same date range. Decl. Non-Serv. [Lakeshore] (Nov. 20, 2025).

On December 3, 2025, Plaintiffs moved for substitute service on Clark and Lakeshore. Mot. Substitute Serv. Defs. Clark & Lakeshore (Dec. 3, 2025). They described an initial attempt to serve Clark by emailing the summons and Complaint to his counsel from a separate case, CV0188-25, which received no response. *Id.*; *JP Capital Guam, LLC, et al. v. Pai et al.*, CV0188-25 (Super. Ct. Guam 2025).

In CV0188-25, Plaintiffs had attempted to serve Clark at Ladera Towers through Mr. Allen, but security guards refused entry to the premises. CV0188-25 (Decl. Non-Serv. (Apr. 8, 2025)). Allen then called Clark, who answered, stated he was not at Ladera Towers, and allegedly hung up after Allen asked to arrange a time and place to meet for service. *Id.* Plaintiffs moved for substitute service in that case but later withdrew the motion after Attorney Louie Yanza entered an appearance for Clark and accepted service. *Id.* In this case, Plaintiffs' Motion for Substitute Service repeats the same general events and asserts that those events show Clark was evading service both as a defendant and as Lakeshore's registered agent. Mot. Substitute Serv. Defs. Clark & Lakeshore.

On December 10, 2025, Allen filed a declaration of non-service as to Defendant Pai. Decl. Non-Serv. [Pai] (Dec. 10, 2025). Allen stated that on December 4, 2025, at 11:53 a.m., he attempted service on Pai at Ladera Towers but was turned away by a security guard and was informed that Pai was off island in China. *Id.*

ORIGINAL

Plaintiffs then moved for service by publication as to Clark, which the Court granted. Order Granting Mot. Serv. Publication Def. Clark (Dec. 11, 2025). The summons was published each day from December 18 through 22, 2025. Decl. Publ'n (Jan. 7, 2026).

On the same date, Plaintiffs moved for service under 18 GCA § 15135(c)(1) as to Lakeshore, which the Court also granted on December 11, 2025. Order Granting Mot. Serv. under 18 GCA § 15135(c)(1) Def. Lakeshore (Dec. 11, 2025). Plaintiffs then served Lakeshore through the Guam Department of Revenue and Taxation pursuant to that statute. Decl. Serv. (Dec. 15, 2025).

On January 7, 2026, Allen filed a second declaration of non-service as to Pai. [Second] Decl. Non-Serv. [Pai] (Jan. 7, 2026). He attested that he attempted to locate Pai by inquiring with the Guam Department of Revenue and Taxation, which reported that Pai is associated with LGI Pacific Guam—Ladera Towers—the same location where Allen had been denied entry on December 4, 2025, and told that Pai was in China with an address in Taiwan. *Id.* On January 8, 2026, Plaintiffs moved for substitute service by publication as to Pai. Mot. Substitute Serv. Publ'n Def. Pai (Jan. 8, 2026).

On January 12, 2026, Attorney Yanza entered his appearance on behalf of Clark and directed that all notices in this case be sent to his office. Am. Entry of Appearance (Jan. 12, 2026). On January 26, 2026, Attorney Peter Perez entered his appearance on behalf of Pai. Entry of Appearance (Jan. 26, 2026).

The Clerk entered default against Lakeshore on January 15, 2026. Clerk's Entry of Default Against Def. Lakeshore Guam, LLC (Jan. 15, 2026). On February 6, 2026, Attorney Jon Visosky, on behalf of Lakeshore, moved to set aside the entry of default. Mot. Set Aside Entry of Default (Feb. 6, 2026).



On March 25, 2026, Plaintiffs filed the present motion, asking the Court to use its inherent power under 7 GCA § 7107 to sanction Pai, Clark, and Lakeshore for alleged evasion of service. Mot. Sanctions Against Defs. Pai, Clark, & Lakeshore (Mar. 25, 2026). Plaintiffs seek attorneys' fees and costs associated with service of process in the amount of $6,118.75. *Id.*; Decl. Joseph C. Razzano Supp. Mot. Sanctions Against Defs. Pai, Clark, & Lakeshore (Mar. 25, 2026). Defendants Clark, Pai, and Lakeshore oppose, arguing that the evidence does not support a finding that any Defendant eluded service. Defs.' Opp'n Pls.' Mot. Sanctions Against Defs. Clark, Pai, & Lakeshore (Apr. 30, 2026). They also argue that Plaintiffs never requested waiver of service as required by GRCP 4(d)(1) and therefore cannot obtain sanctions under Rule 4(d)(2). *Id.* Plaintiffs reply and concede that they did not request a waiver of service but contend that such a request is not a prerequisite for sanctions when a party evades service. Reply Defs.' Opp'n Pls.' Mot. Sanctions Against Defs. Clark, Pai, & Lakeshore (May 13, 2026). They assert that Pai, Clark, and Lakeshore engaged in a pattern of evasion that the Court may sanction under its inherent authority. *Id.*

## II.    <u>DISCUSSION OF LAW</u>

### A. GRCP 4(d): Waiver of Service and Cost-Shifting

#### 1. Legal Authority

Guam Rule of Civil Procedure 4(d)(1) imposes on defendants subject to service under Rule 4(e), (f), or (h) a duty to avoid unnecessary expenses of serving the summons. One way to avoid unnecessary expenses is for the plaintiff to request that the defendant waive service, and, absent good cause, the defendant must comply with that request. GRCP 4(d)(1)–(2). Under Rule 4(d)(1), a plaintiff makes such a request by sending a written notice asking the defendant to waive service of a summons, in the form and manner that the rule specifies.



Only after a plaintiff sends a waiver request that complies with Rule 4(d)(1) does Rule 4(d)(2) authorize cost-shifting. That subsection directs the court to impose expenses—including attorney's fees—on a defendant who, without good cause, fails to comply with such a request. GRCP 4(d)(2). The sanctions mechanism under Rule 4 is therefore conditional; it depends on a valid waiver request first being made.

### 2. Rule 4(d) Sanctions Unavailable

Plaintiffs' sanctions motion seeks to recover the fees and costs incurred in attempting service. They argue that Defendants had a duty to avoid unnecessary service expenses and that their alleged evasion justifies shifting those expenses under Rule 4(d). Mot. Sanctions Against Defs. Pai, Clark, & Lakeshore.

The record shows that on November 5, 2025, Plaintiffs' counsel emailed the summonses and Complaint in this case to Attorneys Yanza and Perez, who represented Pai and Clark in CV0188-25, and asked if they would accept service. Decl. Yanza Supp. Opp'n Pls.' Mot. Sanctions, Ex. A (Apr. 30, 2026). The email attached the summonses and Complaint but did not enclose the official waiver forms, nor did it set out the prescribed Rule 4(d)(1) requirements. *Id.* In their Reply, Plaintiffs acknowledge that they did not request waiver of service. Reply Defs.' Opp'n Pls.' Mot. Sanctions Against Defs. Clark, Pai, & Lakeshore. They instead chose to seek counsel's voluntary acceptance of service. Rule 4(d)(2) authorizes cost-shifting only where a defendant fails, without good cause, to comply with a valid waiver request made under Rule 4(d)(1). GRCP 4(d)(2). That condition is not met here.

Whatever considerations led Plaintiffs not to send a formal waiver package, that choice forecloses sanctions under GRCP 4(d)(2). Rule 4(d) therefore does not furnish an independent basis to award Plaintiffs their claimed service-related fees and costs. Any sanctions must rest, if

ORIGINAL

at all, on the Court's inherent authority under 7 GCA § 7107 and related case law.

## B. Inherent Power to Sanction

### 1. Legal Authority

Guam law recognizes that trial courts possess both express and inherent authority to impose sanctions on parties and counsel. Express power appears in provisions such as Guam Rules of Civil Procedure 11, 26, and 37, in the contempt statutes in 7 GCA Chapter 34, and in local rules. The Legislature has also codified the Court's inherent supervisory powers in 7 GCA § 7107. Section 7107 authorizes the Court, among other things, to "enforce order in the proceedings before it" and to "control in furtherance of justice, the conduct of…all other persons in any manner connected with a judicial proceeding." 7 GCA § 7107. This statutory grant reflects and confirms the Court's inherent power to manage proceedings before it, and Guam courts have relied on that inherent power to impose monetary sanctions, including attorney's fees, to compensate a party for unnecessary legal work caused by another's conduct. *People v. Manibusan*, 1998 Guam 22 ¶ 10.

Because of the "potency" of inherent powers, courts must exercise them with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Reflecting that principle, the Guam Supreme Court requires a heightened showing before a trial court may impose inherent-power sanctions. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶¶ 29, 32. The conduct must amount to bad faith, and the trial court examines whether a party acted with "willful bad faith" or at least recklessness. *Id.* ¶ 32.

### 2. No Basis for Inherent-Power Sanctions

Having concluded that Rule 4(d)(2) does not apply, the Court considers whether Defendants' conduct warrants sanctions under its inherent power. Plaintiffs contend that Pai,


ORIGINAL

Clark, and Lakeshore engaged in a pattern of evasion over several months, requiring multiple motions, alternative service, and default-related filings. Mot. Sanctions Against Defs. Pai, Clark, & Lakeshore; Reply Defs.' Opp'n Pls.' Mot. Sanctions Against Defs. Clark, Pai, & Lakeshore.

The record does show that Allen encountered resistance when attempting service at Ladera Towers, that security refused him entry, and that phone calls to Clark were not returned. Decl. Non-Serv. [Clark]; Decl. Non-Serv. [Lakeshore]; Decl. Non-Serv. [Pai]. It also shows that counsel did not appear in this case until after the Court authorized alternative service and Plaintiffs sought default against Lakeshore. Clerk's Entry of Default Against Def. Lakeshore (Jan. 15, 2026); Mot. Set Aside Entry of Default (Feb. 6, 2026).

The Court's orders granting service by publication under section 15135(c)(1) recognize that Plaintiffs faced genuine difficulty in locating and personally serving Defendants. Order Granting Mot. Serv. Publ'n Def. Clark (Dec. 11, 2025); Order Granting Mot. Serv. 18 GCA § 15135(c)(1) Def. Lakeshore (Dec. 11, 2025). Those orders reflect the Court's willingness to provide practical means to move the case forward; they do not, standing alone, establish that any Defendant engaged in willful bad-faith conduct or deliberate evasion of service.

These circumstances do indicate that Pai, Clark, and Lakeshore likely knew of this lawsuit and did not promptly engage with it. But they do not, on this record, clearly establish deliberate, bad-faith obstruction of service. Allen's November 20, 2025 declarations as to Clark and Lakeshore describe one attempt at Ladera Towers within a six-day window, but do not specify dates, times, how many visits he made, who refused entry, or who instructed security not to admit him. Decl. Non-Serv. [Clark]; Decl. Non-Serv. [Lakeshore].

As to Pai, the record reflects a single documented attempt at personal service at Ladera Towers on December 4, 2025, when security stated that Pai was off island in China, followed by

ORIGINAL

an inquiry at the Department of Revenue and Taxation about Pai's address. Decl. Non-Serv. [Pai]; [Second] Decl. Non-Serv. [Pai]. Plaintiffs do not present evidence of multiple, specific refusals of service on different dates that would suggest a coordinated effort to avoid process.

Plaintiffs ask the Court to consider these events in light of Clark's earlier interaction with Allen in CV0188-25 and counsel's later acceptance of service there only after motions for alternative service and letters rogatory were filed and set for hearing. That history provides context but arose in a separate proceeding with its own procedural posture and motions. The Court proceeds cautiously before importing a finding of bad faith from one case into another without clear proof that the same tactics were intentionally repeated.

Plaintiffs also cite federal decisions in which courts sanctioned parties for evading service. In each of those cases, the record showed a much more sustained and detailed pattern of avoidance than appears here, including repeated failed attempts by process servers and U.S. Marshals, numerous documented visits, and misleading information given to courts and opposing parties. *See, e.g., Agnew v. E\*Trade Sec. LLC*, 811 F. Supp. 2d 1177 (E.D. Pa. 2011) (imposing sanctions where, over roughly sixteen months, multiple attempts by the plaintiff and U.S. Marshals to serve defendant failed and the defendant provided outdated or inaccurate information about its agents); *Cohan v. Bensenville Hosp., Inc.*, 2016 WL 2733281 (N.D. Ill. 2016) (awarding fees and costs after unsuccessful attempts at service on the hotel manager and defendant's attorney of record, followed by sixteen failed attempts on the registered agent, including one where the agent personally denied the process server entry to her gated complex); *Cree, Inc. v. BHP Energy Mexico S. de R.L. de C.V.*, 335 F. Supp. 3d 1105 (E.D. Wis. 2018) (finding ten months of active evasion where the process server conducted extensive investigation, made numerous failed in-person and telephone attempts in multiple locations, and


ORIGINAL

defendant ignored or rebuffed service efforts). The record in this case does not approach that level of documented evasion.

Viewed as a whole, the evidence shows limited and sometimes vague attempts at personal service, followed by Court-approved alternative methods that ultimately succeeded. It does not show the clear, repeated, and intentional pattern of evasion that would justify exercising the Court's inherent power to sanction. On these facts, the Court cannot find willful bad faith or reckless abuse of the judicial process.

## III.    CONCLUSION

Because Plaintiffs did not trigger Rule 4(d)'s cost-shifting mechanism and have not shown willful bad faith required for sanctions under 7 GCA § 7107, the Court declines to impose sanctions. Plaintiffs' request for service-related attorneys' fees and costs is therefore DENIED.

**SO ORDERED** this 18 June 2026.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Joseph C. Razzano, Esq., Razzano Walsh & Torres, for Plaintiffs JP Capital Guam, LLC and
          Ching-Ju Wu
Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Defendant Scott A. Clark
Peter C. Perez, Esq., Law Office of Peter C. Perez, for Defendant Chieh-Yu Pai
Jon A. Visosky, Esq., Fowler & Visosky LLP, for Defendant Lakeshore Guam, LLC

ORIGINAL